## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ROBERT G. LOPEZ, an individual,** ) | **21 CV 05002** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.** |
| ) | |
| **COOKIES SF, LLC,** ) | **JURY TRIAL DEMANDED** |
| **COOKIES CREATIVE CONSULTING** ) | |
| **& PROMOTIONS, INC.,** ) | |
| **NANA & POP CORP.,** ) | |
| **DAFF INTERNATIONAL, LLC d/b/a** ) | |
| **Cannamerica,** ) | |
| **FLUIDS MANUFACTURING, INC.** ) | |
| **d/b/a Heavy Hitters,** ) | |
| **DEPARTMENT Z, INC. d/b/a 22 RED,** ) | |
| **EPD CONSULTING, LLC d/b/a** ) | |
| **Lift Tickets, and** ) | |
| **ADAKAI HOLDINGS, LLC d/b/a** ) | |
| **Huxton** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT,
## UNFAIR COMPETITION AND RELATED CLAIMS

Plaintiff, Robert G. Lopez, alleges his complaint against Defendants, Cookies SF, LLC ("Cookies"), Cookies Creative Consulting & Promotions, Inc. ("Cookies Creative"), Nana & Pop Corp., ("N&P") Daff International, LLC ('Daff'), Fluids Manufacturing, Inc. ("Fluids"), Department Z, Inc. ("DZ"), EPD Consulting, LLC ("EPD"), and Adakai Holdings, LLC ("Adakai") as follows:

## NATURE OF THE ACTION

1.      This action arises from the Defendants Cookies, Cookies Creative, N&P, Daff, Fluids, DZ, EPD, and Adakai's infringement of Plaintiff's "ownership" and exclusive "use" rights in the marks **NYC NEW YORK CANNABIS™**, and **NEW YORK CANNABIS™**, in conjunction with clothing, smoking accessories, cannabis related goods, retail store services, and providing information and news on cannabis products and cannabis industry legal developments via a website.  Despite Plaintiff being the registered owner of the trademarks **NYC NEW YORK CANNABIS™**, and **NEW YORK CANNABIS™** and offering various clothing items, retail store services, providing information and news on cannabis products and cannabis culture via a website under the **NEW YORK CANNABIS™** brand names, Defendants Cookies, Cookies Creative, N&P, Daff, Fluids, DZ, EPD, and Adakai have infringed Plaintiff's rights in the aforementioned marks by manufacturing, printing, producing, promoting, advertising, selling, and offering for sale clothing and related products under Plaintiff's trademarks and have offered cannabis smoking accessories and cannabis products under Plaintiff's **NEW YORK CANNABIS™** trademark. Plaintiff has already experienced "actual confusion" in connection with this matter and is likely to continue to experience confusion as to the affiliation, association or connection between all of the named Defendants and Plaintiff resulting in the unjust enrichment of all the Defendants by using Plaintiff's registered trademarks.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. §1051 *et seq.*, 15 U.S.C. Sections 1114-1116; under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a), Section 43(c) of the Trademark Act, 15 U.S.C. §1125(c), and 28 U.S.C. §1367.

3.      This Court has personal jurisdiction over the Defendants because Defendants engage in continuous and significant business activities in, and directed to the State of New York within this judicial district and because Defendants have committed tortuous acts aimed at and causing harm within the State of New York and this judicial district.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff resides and the Defendants transacts business in this district, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district.  Furthermore, the damage to Plaintiff and his intellectual property described herein continues to occur in this judicial district.

## THE PARTIES

5.      Plaintiff, Robert G. Lopez is an individual residing at 230 Clinton Street, Apt. #11C, New York, NY 10002.

6.      Upon information and belief, Defendant Cookies SF, LLC is a California Limited Liability Company with a place of business at 901 A Street – Suite C, San Rafael, CA 94901.

7.      Upon information and belief, Defendant Cookies Creative Consulting & Promotions, Inc. is a California Corporation with a principal place of business at 1350 Van Ness Avenue – San Francisco, 94109.

8.      Upon information and belief, Defendant Nana and Pop Corp. is a Delaware Corporation with a principal place of business at 95 Horatio Street, - Unit 4B New York, New York 10014.

9.      Upon information and belief, Defendant Daff International, LLC is a Colorado Limited Liability Company with a principal place of business at 1635 Foxtrail Dr. #353, Loveland, CO 80538.

10.     Upon information and belief, Defendant Fluids Manufacturing, Inc. is a California corporation with a place of business at 11941 Vose Street, North Hollywood, CA 91605.

11.     Upon information and belief, Defendant Department Z is a California Corporation with a principal place of business at 810 E Walnut Street, - Pasadena, CA 91101.

12.     Upon information and belief, Defendant EPD Consulting is a California Corporation with a principal place of business at 1000 Beecher Street, - San Leandro, CA 94577.

13.     Upon information and belief, Defendant Adakai Holdings, LLC is an Arizona Limited Liability Company with a principal place of business at 5103 E Washington Street, #100 Phoenix, AZ 85034.

## FACTS

14.     Since at least as early as 1997, Plaintiff Robert G. Lopez has been selling headwear, t-shirts, sweaters, hooded sweatshirts and other clothing items under the **LOWER EAST SIDE™**, **LES™** and **LES NYC®** brand names.

15.     Since at least as early as 1999, Plaintiff has been independently operating a clothing business under the trade name **L.E.S. CLOTHING CO.™**, which has sold headwear, t-shirts, sweaters, hooded sweatshirts and other related clothing items under the marks **LOWER EAST SIDE™**, **LES™** and **LES NYC®**.  Since at least as early as 2010, Plaintiff has also been selling clothing items under the mark **LOYALTY EQUALS STRENGTH™** which is an additional representation of what the **LES™** acronym stands for and represents.

 






16.    In addition to selling and offering for sale clothing items under the **LOWER EAST SIDE™**, **LES NYC®**, **LES™** and **LOYALTY EQUALS STRENGTH™** brand names, Plaintiff has also continuously sold and offered for sale various clothing items including caps, hooded sweatshirts and t-shirts which bear the **THE LOWER™**, **LOWER EAST SIDE™**, **LES™** and **LES NYC®** marks in various font and design styles which are prominently displayed on the front and/or back of the headwear, t-shirts and/or sweaters as well as printed on hang tags, clothing labels, stickers and on clothing product packaging materials.

17.    From 2012 to 2015, Plaintiff maintained a Flagship LES Clothing Co. store located at 43 Clinton Street, New York, NY 10002.







18.     Since 2018, Plaintiff has been operating his clothing business from his retail clothing store at 40 Clinton Street, New York, New York 10002.

19.     On or about October of 2019, Plaintiff introduced t-shirts and caps under the **NEW YORK CANNABIS™** brand at his retail store at 40 Clinton Street until the store was closed in March of 2020 due to the COVID-19 pandemic.

20.    In November of 2020, Plaintiff re-opened his retail clothing store at 40 Clinton Street, New York, NY 10002 and began offering and selling t-shirts, hoodies and caps under the **NYC NEW YORK CANNABIS™** brand name as shown in the images below:






21.     On or about November of 2020 Plaintiff began providing information and news regarding the cannabis industry, cannabis products and began offering advertising, product placement and other similar services to cannabis business owners and entrepreneurs under the **NYC NEW YORK CANNABIS™** mark via the website www.instagram.com/nyc.cannabis.537.

22.     On April 1, 2021, New York State Governor Andrew Cuomo signed a bill legalizing the recreational use of marijuana for adults 21 and over.

23.     On April 1, 2021, Plaintiff became the first business owner to ever offer a promotional "FREE" giveaway of cannabis with the purchase of his clothing products.










24.     Plaintiff's **NYC NEW YORK CANNABIS™** Flagship store as well as Plaintiff's products and services under the **NYC NEW YORK CANNABIS™** brand have already garnered media attention and enjoy a superlative reputation in the marketplace.

25.     Since at least as early as November of 2020, Plaintiff has been building an intellectual property portfolio for his **NYC NEW YORK CANNABIS™** brand that consists of

various State trademarks, federal trademarks and copyrights that act as business assets for his **Lower East Side Cannabis Enterprises** business.

26.     Plaintiff claims "exclusive use" rights of the **NYC NEW YORK CANNABIS™** and **NEW YORK CANNABIS™** marks in connection with apparel, smoking accessories, delivery of cannabis smoking accessories, providing a website that provides information and news on the cannabis culture and cannabis legal developments, advertising the cannabis goods and services of others, providing a mobile software application for ordering cannabis related goods and services, retail store services featuring clothing and smoking accessories such as rolling trays, rolling papers, mylar bags, vinyl stickers and other similar products and merchandise.

27.     Plaintiff licenses the **NYC NEW YORK CANNABIS™** and **NEW YORK CANNABIS™** marks and his copyrighted **NYC NEW YORK CANNABIS©** designs and images to third party companies to be used on various goods and services under his direct control and authorization.

28.     Plaintiff is the registered owner of New York State Trademark Registration No. R33743 for the mark **NYC NEW YORK CANNABIS™**.  **(See Exhibit A)**.

29.     Plaintiff is the registered owner of New York State Service Mark Registration No. S25230 for the mark **NYC NEW YORK CANNABIS™**.  **(See Exhibit B)**.

30.     Plaintiff is the registered owner of New York State Service Mark Registration No. S25231 for the mark **NYC NEW YORK CANNABIS™**.  **(See Exhibit C)**.

31.     Plaintiff is the registered owner of United States Trademark Serial Application No. 90/320,532 for the mark **NYC NEW YORK CANNABIS™**.  **(See Exhibit D)**.

32.     Plaintiff is the registered owner of United States Trademark Serial Application No. 90/365,049 for the mark **NEW YORK CANNABIS™**.  **(See Exhibit E)**.

33.     Plaintiff is the registered owner of United States Trademark Serial Application No. 90/731,901 for the mark **NYC NEW YORK CANNABIS™**.  (**See Exhibit F**).

34.     Plaintiff is the registered owner of United States Trademark Serial Application No. 90/736,151 for the mark **NYC NEW YORK CANNABIS™**.  (**See Exhibit G**).

35.     Plaintiff is the registered owner of United States Trademark Serial Application No. 90/745,372 for the mark **NYC NEW YORK CANNBIS™**.  (**See Exhibit H**).

36.     Plaintiff is the registered owner of United States Copyright Registration No. VA 2-244-019 for the work under the title **NYC New York Cannabis Snapback Photo**.  (**See Exhibit I**).

37.     Plaintiff is the registered owner of United States Copyright Registration No. VA 2-244-021 for the work under the title **NYC New York Cannabis Banner Photo**.  (**See Exhibit J**).

38.     Plaintiff is the registered owner of United States Copyright Registration No. VA 2-244-030 for the work under the title **NYC New York Cannabis Mylar Bags Photo**.  (**See Exhibit K**).

39.     As a small business owner, Plaintiff has diligently worked to protect his business assets in his **NYC NEW YORK CANNABIS™** properties to maintain a competitive edge in the retail market place and maintain some level of exclusivity regarding products and services offered in the cannabis industry under the **NEW YORK CANNABIS™** mark.  Plaintiff has aggressively policed and enforced his rights in his intellectual property business assets in the past and has been engaged in litigation with over 160 business entities and/or individuals that have violated his IP rights in his **LOWER EAST SIDE™** and **LES NYC®** trademarks and copyrights.

40.     Defendant Cookies is a marijuana dispensary that has various locations in the State of California and has dispensaries in almost every other U.S. State in which marijuana is legal.

Defendant Cookies sells and offers for sale cannabis and cannabis related products and distributes clothing and cannabis products through various online and mail sources.

41.     Plaintiff is informed and believes and thereon alleges that Defendant Cookies in a partnership and in a collaboration with Defendant N&P is marketing, promoting, advertising, selling and offering for sale via the website www.thenewyorkcannabisclub.com, cannabis related products in a curated box that is delivered to subscribers home in a box printed bearing Plaintiff's **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™** marks or a confusingly similar variation of the same.

42.     Defendant Cookies use of Plaintiff's **NEW YORK CANNABIS™** trademarks has already caused confusion and is likely to continue to cause confusion as to the source of cannabis related news and information and the offering of cannabis related products under the **NEW YORK CANNABIS™** mark.

43.     Defendant Cookies continued use of any variation of Plaintiff's **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™** marks is likely to continue to cause confusion as to the source of products and services under the aforementioned marks.

44.     Defendant Cookies use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

45.     Upon information and belief, Defendant Cookies is aware of Plaintiff's ownership rights and trademarks in the marks **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™**.

46.     Defendant Cookies infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale.

47.     Defendant Cookies has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** marks.

48.     Defendant Cookies Creative is a licensing company that distributes and offers product placement to dispensaries and other cannabis retailers, cannabis related products under various brands including but not limited to COOKIES, RUNTZ, etc.

49.     Plaintiff is informed and believes and thereon alleges that Defendant Cookies Creative in a partnership and in a collaboration with Defendant N&P is marketing, promoting, advertising, selling and providing cannabis products for sale via the website www.thenewyorkcannabisclub.com, in a curated box that is delivered to subscribers home in a box printed bearing Plaintiff's **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™** marks or a confusingly similar variation of the same.

50.     Defendant Cookies Creative's use of Plaintiff's **NEW YORK CANNABIS™** trademarks has already caused confusion and is likely to continue to cause confusion as to the source of cannabis related news and information and the offering of cannabis related products under the **NEW YORK CANNABIS™** mark.

51.     Defendant Cookies Creative continued use of any variation of Plaintiff's **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™** marks is likely to continue to cause confusion as to the source of products and services under the aforementioned marks.

52.     Defendant Cookies Creative use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

53.     Upon information and belief, Defendant Cookies Creative is aware of Plaintiff's ownership rights and trademarks in the marks **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™**.

54.     Defendant Cookies Creative infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale.

55.     Defendant Cookies Creative has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** marks.

56.     Defendant N&P is a cannabis business and is providing an online store and platform to purchase t-shirts, hoodies, merchandise and cannabis related products and are manufacturing, printing, marketing, promoting, advertising, selling and offering for sale via its website www.thenewyorkcannabisclub.com clothing items promoted under Plaintiff's **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** trademarks or a confusingly similar variation of the same and is also selling, advertising and promoting the brands, and goods of other cannabis brands under Plaintiff's above-identified trademarks and is offering a curated box of cannabis goods that is delivered to the home of subscribers in a packaging box bearing Plaintiff's **NEW YORK CANNABIS™** mark.

57.     Defendant N&P's use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™** marks.

58.     Defendant N&P's use of Plaintiff's trademarks is not a fair use as N&P is using the marks for commercial business purposes and for a profit.

59.     Defendant N&P has the ability to manage, monitor and control the infringing activity that violates Plaintiff's trademarks.

60.     Upon information and belief Defendant N&P is aware and has knowledge of Plaintiff's ownership rights in the **NEW YORK CANNABIS™**, and **NYC NEW YORK CANNABIS™** marks.

61.     Defendant N&P's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale from its website.

62.     Defendant N&P has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **NEW YORK CANNABIS™**, and **NYC NEW YORK CANNABIS™** marks.

63.     Defendant Daff upon information and belief is a company that distributes and offers cannabis related products under the **CANNAMERICA™** mark.

64.     Plaintiff is informed and believes and thereon alleges that Defendant Daff in a partnership and in a collaboration with Defendant N&P is marketing, promoting, advertising, selling     and     providing     cannabis     products     for     sale     via     the     website www.thenewyorkcannabisclub.com, in a curated box that is delivered to subscribers home in a box printed bearing Plaintiff's **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™** marks or a confusingly similar variation of the same.

65.     Defendant Daff's use of Plaintiff's **NEW YORK CANNABIS™** trademarks has already caused confusion and is likely to continue to cause confusion as to the source of cannabis related news and information and the offering of cannabis related products under the **NEW YORK CANNABIS™** mark.

66.     Defendant Daff's continued use of any variation of Plaintiff's **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™** marks is likely to continue to cause confusion as to the source of products and services under the aforementioned marks.

67.     Defendant Daff's use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

68.     Upon information and belief, Defendant Daff is aware of Plaintiff's ownership rights and trademarks in the marks **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™**.

69.     Defendant Daff's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale.

70.     Defendant Daff has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** marks.

71.     Defendant Fluids is a company that distributes and offers product placement to dispensaries and other cannabis retailers, and offers cannabis related products and apparel under the brand **HEAVY HITTERS**.

72.     Plaintiff is informed and believes and thereon alleges that Defendant Fluids in a partnership and in a collaboration with Defendant N&P is marketing, promoting, advertising, selling      and      providing      cannabis      products      for      sale      via      the      website www.thenewyorkcannabisclub.com, in a curated box that is delivered to subscribers home in a box printed bearing Plaintiff's **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™** marks or a confusingly similar variation of the same.

73.     Defendant Fluids use of Plaintiff's **NEW YORK CANNABIS™** trademarks has already caused confusion and is likely to continue to cause confusion as to the source of cannabis related news and information and the offering of cannabis related products under the **NEW YORK CANNABIS™** mark.

74.     Defendant Fluids continued use of any variation of Plaintiff's **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™** marks is likely to continue to cause confusion as to the source of products and services under the aforementioned marks.

75.     Defendant Fluids use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

76.     Upon information and belief, Defendant Fluids is aware of Plaintiff's ownership rights and trademarks in the marks **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™**.

77.     Defendant Fluids infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale.

78.     Defendant Fluids has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** marks.

79.     Defendant Department Z is a company that sells, distributes and offers cannabis related products and apparel under the brand **22 RED**.

80.     Plaintiff is informed and believes and thereon alleges that Defendant Department Z in a partnership and in a collaboration with Defendant N&P is marketing, promoting, advertising, selling and providing cannabis products for sale via the website www.thenewyorkcannabisclub.com, in a curated box that is delivered to subscribers home in a box printed bearing Plaintiff's **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™** marks or a confusingly similar variation of the same.

81.     Defendant Department Z's use of Plaintiff's **NEW YORK CANNABIS™** trademarks has already caused confusion and is likely to continue to cause confusion as to the source of cannabis related news and cannabis related products under the **NEW YORK CANNABIS™** mark.

82.     Defendant Department Z's continued use of any variation of Plaintiff's **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™** marks is likely to continue to cause confusion as to the source of products and services under the aforementioned marks.

83.     Defendant Department Z's use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

84.     Upon information and belief, Defendant Department Z is aware of Plaintiff's ownership rights and trademarks in the marks **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™**.

85.     Defendant Department Z's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale.

86.     Defendant Department Z has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** marks.

87.     Defendant EPD is a company that distributes and offers cannabis related products and apparel under the **LIFT TICKETS™** mark.

88.     Plaintiff is informed and believes and thereon alleges that Defendant EPD is in a partnership and in a collaboration with Defendant N&P marketing, promoting, advertising, selling and providing cannabis products for sale via the website www.thenewyorkcannabisclub.com, in a curated box that is delivered to subscribers home in a box printed bearing Plaintiff's **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™** marks or a confusingly similar variation of the same.

89.     Defendant EPD's use of Plaintiff's **NEW YORK CANNABIS™** trademarks has already caused confusion and is likely to continue to cause confusion as to the source of cannabis

related news and information and the offering of cannabis related products under the **NEW YORK CANNABIS™** mark.

90.     Defendant EPD's continued use of any variation of Plaintiff's **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™** marks is likely to continue to cause confusion as to the source of products and services under the aforementioned marks.

91.     Defendant EPD's use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

92.     Upon information and belief, Defendant EPD is aware of Plaintiff's ownership rights and trademarks in the marks **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™**.

93.     Defendant EPD infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale under Plaintiff's **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™** or a confusingly similar variation of the same.

94.     Defendant EPD has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** marks.

95.     Defendant Adakai is a company that distributes and sells and offers cannabis related products under the **HUXTON™** brand.

96.     Plaintiff is informed and believes and thereon alleges that Defendant Adakai is in a partnership and in a collaboration with Defendant N&P marketing, promoting, advertising, selling     and     providing     cannabis     products     for     sale     via     the     website www.thenewyorkcannabisclub.com, in a curated box that is delivered to subscribers home in a box

printed bearing Plaintiff's **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™** marks or a confusingly similar variation of the same.

97.     Defendant Adakai's use of Plaintiff's **NEW YORK CANNABIS™** trademarks has already caused confusion and is likely to continue to cause confusion as to the source of cannabis related news and information and the offering of cannabis related products under the **NEW YORK CANNABIS™** mark.

98.     Defendant Adakai's continued use of any variation of Plaintiff's **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™** marks is likely to continue to cause confusion as to the source of products and services under the aforementioned marks.

99.     Defendant Adakai's use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

100.     Upon information and belief, Defendant Adakai is aware of Plaintiff's ownership rights and trademarks in the marks **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™**.

101.     Defendant Adakai's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale.

102.     Defendant Adakai has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** marks.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)

103.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 102 of this Complaint.

104. The use in commerce by Defendants Cookies, Cookies Creative, N&P, Daff, Fluids, DZ, EPD, and Adakai of an identical and slightly identical version of Plaintiff's registered trademark is likely to cause confusion, mistake and deception among members of the public and in trade as to the source, origin, or sponsorship of the aforementioned Defendants' goods and services. Such use by Defendants Cookies, Cookies Creative, N&P, Daff, Fluids, DZ, EPD, and Adakai constitutes a clear and direct infringement of Plaintiff's rights in and to Plaintiff's registered trademark, and has resulted in injury and damage to Plaintiff that will continue if Defendants are not ordered to cease all use of the **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** marks or any confusingly similar variation of the aforementioned marks.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)

105. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 104 of this Complaint.

106. Plaintiff has the exclusive right to market, brand and provide clothing related goods and information and news on cannabis products and cannabis related products and smoking accessories using the **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** marks or any similar variation of the aforementioned marks.

107. Defendants Cookies, Cookies Creative, N&P, Daff, Fluids, DZ, EPD, and Adakai by reason of the aforementioned acts, have falsely described, represented and designated the origin of its goods and services. Defendants' Cookies, Cookies Creative, N&P, Daff, Fluids, DZ, EPD, and Adakai activities already have confused the public into believing that Defendants' and Plaintiff's clothing goods and smoking accessories and or cannabis related products come from one and the same source, and Defendants continued activities are likely to create further confusion and deceive the public concerning the source of the goods/services.

108.    Defendants have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

109.    By reason of Defendants willful acts conducted in conscious disregard for Plaintiff's rights, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

110.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 109 of this Complaint.

111.    Defendants Cookies, Cookies Creative, N&P, Daff, Fluids, DZ, EPD, and Adakai conduct constitutes deception by which Defendants Cookies, Cookies Creative, N&P, Daff, Fluids, DZ, EPD, and Adakai goods and services will be palmed off as those of Plaintiff.  Such conduct constitutes trademark infringement and unfair competition in violation of the laws of the State of New York.

112.    Defendants Cookies, Cookies Creative, N&P, Daff, Fluids, DZ, EPD, and Adakai unauthorized use of Plaintiff's **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** marks or any confusingly similar variation of the same is likely to continue to cause further confusion to the public as to the clothing goods, smoking accessories and cannabis related  of the respective parties.

99.    By reason of the foregoing, Defendants have infringed and continues to infringe on Plaintiff's common law rights in the **LOWER EAST SIDE™** and **LES NYC®** marks and Defendants have become unjustly enriched by such acts of infringement.

100.     Defendants unlawful conduct has been and will continue to be willful or willfully blind to Plaintiff's rights, as Defendant has reason to know of Plaintiff's rights.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

101.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 100 of this Complaint.

102.     Defendants Cookies, Cookies Creative, N&P, Daff, Fluids, DZ, EPD, and Adakai have unjustly retained profits from the sale of clothing goods and accessories bearing Plaintiff's **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™** marks and/or a confusingly similar variation of the same.

103.     Defendants Cookies, Cookies Creative, N&P, Daff, Fluids, DZ, EPD, and Adakai actions constitute unjust enrichment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.     Entry of an order and judgment requiring that Defendants Cookies, Cookies Creative, N&P, Daff, Fluids, DZ, EPD, and Adakai, its subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner the trade name, trademark, domain name or other indicia or origin, including in whole or part the term **NEW YORK CANNABIS™, NYC NEW YORK CANNABIS™**, or any colorable imitation thereof; (b) advertising, operating a website, using business stationary or offering any goods or services using the trade name, trademark, domain name, URL, or any other indicia of origin including in whole or part the term **NEW YORK CANNABIS™**, or any colorable imitation thereof; (c) otherwise engaging in any acts of unfair

competition and infringement which tend to injure Plaintiff's rights in the **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** mark.

2.      That Defendants Cookies, Cookies Creative, N&P, Daff, Fluids, DZ, EPD, and Adakai be required to account to Plaintiff for any and all profits derived by it, and to compensate Plaintiff for all the damages sustained by reason of the acts complained of herein, and that the damages herein be trebled pursuant to the Trademark Act.

3.      That Defendants be ordered to deliver up for destruction any and all infringing materials bearing the **NEW YORK CANNABIS™** and **NYC NEW YORK CANNABIS™** marks, and any colorable imitation thereof, in whole or part.

4.      That Plaintiff be awarded punitive damages.

5.      That Defendants Cookies, Cookies Creative, N&P, Daff, Fluids, DZ, EPD, and Adakai be required to place advertisements or send notifications to past and present customers that it improperly has been using the **NEW YORK CANNABIS™** and/or **NYC NEW YORK CANNABIS™** marks.

6.      That Plaintiff be awarded statutory damages in the amount of $10,000,000.00 for Defendants Cookies, Cookies Creative, N&P, Daff, Fluids, DZ, EPD, and Adakai acts of willful infringement.

7.      That Plaintiff be awarded the cost and disbursements of this action.

8.      That Plaintiff have such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: June 6, 2021
      New York, New York

Respectfully submitted,
Robert G. Lopez – Pro Se

Robert G. Lopez
Pro Se Plaintiff
230 Clinton Street – Apt. #11C
New York, New York 10002
(917) 868-1698

**EXHIBIT A**

# New York State Department of State
## Certificate of Trademark Registration

*I, Brendan C. Hughes, Executive Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | | |
|---|---|---|---|
| **Registration Number:** | R33743 | **Registration Date:** | 12/15/2020 |

**Applicant:**  **ROBERT G LOPEZ**
230 CLINTON STREET- SUITE 11C
NEW YORK                                    NY     10002-

**State of Incorporation or Partnership Organization:**

**Class Numbers:**  25

| | | | |
|---|---|---|---|
| **Date First Used in NYS:** | 11/14/2020 | **Date First Used Anywhere:** | 11/14/2020 |

**Trademark Description:**

*The mark is comprised of an image of a green circle with a green leaf appearing in the center of the circle. The letters NYC appear in green underneath the circle design and the words NEW YORK CANNABIS appear underneath the letters NYC.*

*No claim is made to the exclusive rights to use "NYC" or "NEW YORK"*

**Description of Goods:**  *Hoodies, sweaters, caps and t-shirts*

**WITNESS** *my hand and the seal of the State of New York In the City of Albany on this:*

*Friday, December 18, 2020*

*by:*

**Executive Deputy Secretary of State**

**DOS-690 (Rev. 11/18)**

# TRADEMARK DRAWING PAGE:



**EXHIBIT B**

# *New York State Department of State*
# *Certificate of Service Mark Registration*

*I, Brendan C. Hughes, Executive Deputy Secretary of State, do certify that the Service Mark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | | | |
|---|---|---|---|---|
| **Registration Number:** | S25230 | **Registration Date:** | | 4/8/2021 |

**Applicant:**    **ROBERT G. LOPEZ**
**230 CLINTON ST - APT. #11C**
**NEW YORK**          NY    10002-

**State of Incorporation or
Partnership Organization:**

**Class Numbers:**       35

**Date First Used in NYS:**    11/23/2020        **Date First Used Anywhere:**    11/23/2020

**Service Mark Description:**

*The mark is comprised of the letters "NYC" in a bold stylized font with the words "NEW YORK CANNABIS" appearing beneath the letters NYC.*

*No claim is made to the exclusive rights to use "NYC" or "NEW YORK" apart from the mark as shown.*

**Description of Services:**    *Advertising the brands, goods and services of others; business management and consultation services; providing online business information and news on cannabis products, services and legal developments.*

*WITNESS my hand and the seal of the State of New York In the City of Albany on this:*

*Wednesday, April 28, 2021*

*by:*

**Executive Deputy Secretary of State**

**DOS-690 (Rev. 11/18)**



New York Cannabis

**EXHIBIT C**

# *New York State Department of State*
# *Certificate of Service Mark Registration*

*I, Brendan C. Hughes, Executive Deputy Secretary of State, do certify that the Service Mark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | | |
|---|---|---|---|
| **Registration Number:** | S25231 | **Registration Date:** | 4/8/2021 |

**Applicant:**     **ROBERT G. LOPEZ**
             *230 CLINTON ST - APT. #11C*
             *NEW YORK*       *NY*   *10002-*

**State of Incorporation or
Partnership Organization:**

**Class Numbers:**     *41*

**Date First Used in NYS:**   *11/23/2020*      **Date First Used Anywhere:**   *11/23/2020*

**Service Mark Description:**

*The mark is comprised of the letters "NYC" in a bold stylized font with the words "NEW YORK CANNABIS" appearing beneath the letters NYC.*

*No claim is made to the exclusive rights to use "NYC" or "NEW YORK" apart from the mark as shown.*

**Description of Services:**     *Educational and entertainment services, namely, providing a website featuring information in the nature of current news and events about cannabis, the cannabis industry and products containing cannabis.*

**WITNESS** *my hand and the seal of the State of New York In the City of Albany on this:*

*Wednesday, April 28, 2021*

*by:*

*Brendan C. Hughes*

**Executive Deputy Secretary of State**

***DOS-690 (Rev. 11/18)***



New York Cannabis

**EXHIBIT D**



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

## Trademarks > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Sun Jun 6 04:07:22 EDT 2021*

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC | | | | | | |

Logout  Please logout when you are done to release system resources allocated for you.

Start  **List At:** [        ]  OR  Jump  **to record:** [        ]  **Record 4 out of 23**

---

TSDR  ASSIGN Status  TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | NYC NEW YORK CANNABIS |
| **Goods and Services** | IC 035. US 100 101 102. G & S: Advertising services, namely, promoting the brands, goods and services of others; Business management and consultation; Retail store services featuring stickers, glass jars, packaging tubes, mylar bags, ash trays, roll trays, grinders, packaging stickers and vinyl stickers; On-line retail store services featuring stickers, glass jars, packaging tubes, mylar bags, ash trays, roll trays, grinders, packaging stickers and vinyl stickers. FIRST USE: 20201114. FIRST USE IN COMMERCE: 20201114 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 05.13.09 - Marijuana leaf, leaves, and plants ; Cannabis leaf, leaves, and plants ; Hemp leaf, leaves, and plants ; Pot leaf, leaves, and plants
26.01.01 - Circles as carriers or as single line borders |
| **Serial Number** | 90320532 |
| **Filing Date** | November 15, 2020 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) Lopez, Robert G. AKA TradeMarkRob INDIVIDUAL UNITED STATES 230 Clinton Street - Suite 11C New York NEW YORK 10002 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "NYC NEW YORK CANNABIS" APART FROM THE MARK AS SHOWN |
| **Description** | The color(s) Green is/are claimed as a feature of the mark. The mark consists of an image of a green |

**of Mark** marijuana leaf inside of a green circle with the letters "NYC" appearing in green beneath the circle and the words "NEW YORK CANNABIS" appearing beneath the letters "NYC". The color white represents background and/or transparent area and is not part of the mark.

**Type of Mark** SERVICE MARK

**Register** PRINCIPAL

**Live/Dead Indicator** LIVE

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST

FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

**EXHIBIT E**



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

## Trademarks > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Sun Jun 6 04:07:22 EDT 2021*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At: [      ]   OR   Jump   to record: [      ]   **Record 8 out of 23**

| TSDR | ASSIGN Status | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*

# NEW YORK CANNABIS

**Word Mark** NEW YORK CANNABIS

**Goods and Services** IC 035. US 100 101 102. G & S: Advertising services, namely, promoting the brands, goods and services of others; Business management; Business management consultation in the field of brand ownership, brand enforcement, brand licensing and protecting your intellectual property rights and building equity in your business assets; Business management consulting; Providing consumer information in the field of cannabis-related products and services; Providing information and news in the field of business; Providing information and news in the field of business, namely, information and news on current events and on economic, legislative, and regulatory developments as it relates to and can impact businesses; Providing consumer information and related news in the field of cannabis products and dispensary locations; Retail store services featuring -shirts, hoodies, caps, beanies, head bands, travel kit bags, keychains, car magnets, cups, mugs, posters, stickers, grinders, rolling trays, and product menus; On-line retail store services featuring t-shirts, hoodies, caps, beanies, head bands, travel kit bags, keychains, car magnets, cups, mugs, posters, stickers, grinders, rolling trays, and product menus; On-line retail store services featuring -shirts, hoodies, caps, beanies, head bands, travel kit bags, keychains, car magnets, cups, mugs, posters, stickers, grinders, rolling trays, and product menus; On-line retail store services featuring t-shirts, hoodies, caps, beanies, head bands, travel kit bags, keychains, car magnets, cups, mugs, posters, stickers, grinders, rolling trays, and product menus. FIRST USE: 20201114. FIRST USE IN COMMERCE: 20201114

**Standard Characters Claimed**

**Mark Drawing Code** (4) STANDARD CHARACTER MARK

**Serial Number** 90365049

**Filing Date** December 8, 2020

| | |
|---|---|
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) Lopez, Robert G. AKA TrademarkRob INDIVIDUAL UNITED STATES 230 Clinton Street - Suite 11C New York NEW YORK 10002 |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST

FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

**EXHIBIT F**


United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

## Trademarks > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Sun Jun 6 04:07:22 EDT 2021*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At: [     ]   OR   Jump   to record: [     ]   **Record 3 out of 23**

| TSDR | ASSIGN Status | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*

**NYC**
New York Cannabis

| | |
|---|---|
| **Word Mark** | NYC NEW YORK CANNABIS |
| **Goods and Services** | IC 041. US 100 101 107. G & S: Educational services, namely, providing information, news and legal developments in the fields of cannabis products and cannabis cultivation; Providing a website featuring non-downloadable articles in the field of cannabis news, information and legal developments; Providing a website featuring non-downloadable photographs in the field of cannabis products; Providing an Internet website portal featuring entertainment news and information specifically in the field of cannabis products, services and cannabis legal developments; Entertainment services in the nature of production of videos and photographs that document the promotion and operations of a New York based cannabis business. FIRST USE: 20201123. FIRST USE IN COMMERCE: 20201123. |
| **Mark Drawing Code** | (0) UNKNOWN |
| **Serial Number** | 90731901 |
| **Filing Date** | May 24, 2021 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) Lopez, Robert G. AKA TradeMarkRob INDIVIDUAL UNITED STATES 230 Clinton Street - Suite 11C New York NEW YORK 10002 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "NYC NEW YORK CANNABIS" APART FROM THE MARK AS SHOWN |
| **Description** | The color(s) green is/are claimed as a feature of the mark. The mark consists of the letters "NYC" appearing in |

| | |
|---|---|
| of Mark | green and the words "NEW YORK CANNABIS" appearing in green beneath the letters "NYC". |
| Type of Mark | SERVICE MARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST

FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

**EXHIBIT G**





United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Sun Jun 6 04:07:22 EDT 2021*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST
FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [____] OR Jump [____] to record: [____]  **Record 2 out of 23**

TSDR | ASSIGN Status | TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*



**Word Mark**  NYC NEW YORK CANNABIS
**Goods and Services**  IC 039. US 100 105. G & S: Delivery of Smoking accessories and devices, namely, rolling papers, rolling machines, rolling trays, grinders, smoking pipes, pocket machines for rolling cannabis, lighters, ashtrays, vape pens, smoking pipes and cannabis product menus.; Transport and delivery of goods. FIRST USE: 20210501. FIRST USE IN COMMERCE: 20210501.
**Mark Drawing Code**  (0) UNKNOWN
**Serial Number**  90736151
**Filing Date**  May 26, 2021
**Current Basis**  1A
**Original Filing Basis**  1A
**Owner**  (APPLICANT) Lopez, Robert G. AKA TradeMarkRob INDIVIDUAL UNITED STATES 230 Clinton Street - Suite 11C New York NEW YORK 10002
**Disclaimer**  NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "NYC NEW YORK CANNABIS" APART FROM THE MARK AS SHOWN
**Description of Mark**  The color(s) Green is/are claimed as a feature of the mark. The mark consists of an image of a green marijuana leaf inside of a green circle with the letters "NYC" appearing in green beneath the circle and the words "New York CANNABIS" appearing beneath the letters "NYC". The color white represents background and/or transparent area and is not part of the mark.
**Type of**

| **Mark** | SERVICE MARK |
|---|---|
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

**EXHIBIT H**



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

## Trademarks > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Sun Jun 6 04:07:22 EDT 2021*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At: [      ]   OR   Jump [      ] to record: [      ]   **Record 1 out of 23**

---

| TSDR | ASSIGN Status | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*



| **Word Mark** | NYC NEW YORK CANNABIS |
| **Goods and Services** | IC 045. US 100 101. G & S: Licensing of intellectual property in the field of trademarks and copyrights; Licensing of intellectual property rights. FIRST USE: 20201227. FIRST USE IN COMMERCE: 20201227 |
| **Mark Drawing Code** | (0) UNKNOWN |
| **Serial Number** | 90745372 |
| **Filing Date** | May 31, 2021 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) Lopez, Robert G. AKA TradeMarkRob INDIVIDUAL UNITED STATES 230 Clinton Street - Suite 11C New York NEW YORK 10002 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "NYC NEW YORK CANNABIS" APART FROM THE MARK AS SHOWN |
| **Description of Mark** | The color(s) green is/are claimed as a feature of the mark. The mark consists of an image of a green marijuana leaf inside of a green circle with the letters "NYC" appearing in green beneath the circle and the words "NEW YORK CANNABIS" appearing beneath the letters "NYC". The color white represents background and/or transparent area and is not part of the mark. |
| **Type of Mark** | SERVICE MARK |

**Register**

**Live/Dead Indicator**   PRINCIPAL

LIVE

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

**EXHIBIT I**

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## VA 2-244-019

**Effective Date of Registration:**
March 24, 2021
**Registration Decision Date:**
March 31, 2021

---

**Copyright Registration for One Work by One Author**
Registration issued pursuant to 37 CFR §202.3

## Title

Title of Work:   NYC New York Cannabis Snapback Photo

## Completion/Publication

Year of Completion:   2021
Date of 1st Publication:   January 14, 2021
Nation of 1st Publication:   United States

## Author

•   Author:   Robert G. Lopez
Author Created:   Photograph
Citizen of:   United States

## Copyright Claimant

Copyright Claimant:   Robert G. Lopez
230 Clinton Street, Suite 11C, New York, NY, 10002, United States

## Certification

Name:   Robert G. Lopez, Author/Owner
Date:   March 24, 2021

Copyright Office notes:   Regarding basis for registration: A work may be registered with the Single
Application only if the following requirements have been met: 1) The
registration covers one work; 2) The work must be created by one individual; 3)
All of the material contained within the work must be created by the same

**EXHIBIT J**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## VA 2-244-021

**Effective Date of Registration:**
March 24, 2021
**Registration Decision Date:**
March 31, 2021

---

**Copyright Registration for One Work by One Author**
Registration issued pursuant to 37 CFR §202.3

## Title
_____

Title of Work:   NYC New York Cannabis Banner Photo

## Completion/Publication
_____

Year of Completion:   2020
Date of 1st Publication:   December 13, 2020
Nation of 1ˢᵗ Publication:   United States

## Author
_____

Author:   Robert G Lopez
Author Created:   Photograph
Citizen of:   United States

## Copyright Claimant
_____

Copyright Claimant:   Robert G Lopez
230 Clinton Street, Suite 11C, New York, NY, 10002, United States

## Certification
_____

Name:   Robert G. Lopez, Author/Owner
Date:   March 24, 2021

Copyright Office notes:   Regarding basis for registration: A work may be registered with the Single Application only if the following requirements have been met: 1) The registration covers one work; 2) The work must be created by one individual; 3) All of the material contained within the work must be created by the same

# EXHIBIT K

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## VA 2-244-030

**Effective Date of Registration:**
March 24, 2021
**Registration Decision Date:**
March 31, 2021

---

**Copyright Registration for One Work by One Author**
Registration issued pursuant to 37 CFR §202.3

## Title

Title of Work: NYC New York Cannabis Mylar Bags Photo

## Completion/Publication

Year of Completion: 2021
Date of 1st Publication: January 13, 2021
Nation of 1st Publication: United States

## Author

● Author: Robert G Lopez
Author Created: Photograph
Citizen of: United States

## Copyright Claimant

Copyright Claimant: Robert G Lopez
230 Clinton Street, Suite 14C, New York, NY, 10002, United States

## Certification

Name: Robert G. Lopez, Author/Owner
Date: March 24, 2021

---

Copyright Office notes: Regarding basis for registration: A work may be registered with the Single Application only if the following requirements have been met: 1) The registration covers one work; 2) The work must be created by one individual; 3) All of the material contained within the work must be created by the same