USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/22/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Robert G. Lopez,

                Plaintiff,

    v.

Cookies SF, LLC, et al.,

                Defendants.

No. 21-CV-5002 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    The City of New York filed a motion to intervene in this case on September 28, 2021. To intervene as of right under Rule 24(a)(2), an applicant must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 128–29 (2d Cir. 2001). Permissive intervention is governed by Rule 24(b), which states that "on timely motion, the court may permit anyone to intervene who: (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b); *see also New York News, Inc. v. Kheel*, 972 F.2d 482, 487 (2d Cir. 1992). Courts must also consider whether permitting permissive intervention will "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "Substantially the same factors as intervention of right are considered in determining whether to grant an application for permissive intervention." *Hnot v. Willis Grp. Holdings, Ltd.*, 234 F. App'x 13, 14 (2d Cir. 2007) (summary order).

    There is no dispute that the motion was timely, but Plaintiff Robert Lopez opposes the City's intervention, stating that the City has no protectable interest. The City argues intervention

is necessary because the marks Lopez is seeking to enforce in this case infringe the City's registered marks. Although Lopez is alleging that Defendants infringed only two of his numerous NYC NEW YORK CANNABIS marks, the City has filed a separate case against Lopez, 21-CV-7862, alleging that all of his NYC NEW YORK CANNABIS marks are infringing. Judge Oetken recently entered a preliminary injunction in that case, enjoining Lopez from continued use of the NYC NEW YORK CANNABIS marks. *City of New York v. Lopez*, 21-CV-7862, Dkt. 44.

Lopez contends that the City lacks any interest here because "the City has absolutely no rights or claim of ownership in the marks **NEW YORK CANNABIS**™ and/or **NYC NEW YORK CANNABIS**™ which are the two (2) marks that are the subject matter of the case Plaintiff has commenced against the named Defendants." Dkt. 44 ("Pl.'s Opp.") at 3. Because he claims the City lacks ownership interest in the two marks at issue, Lopez asserts the resolution of this case will have no impact on the City's rights. The Court disagrees.

The Court need not decide whether the City has an absolute right of intervention under Rule 24(a) because it has shown permissive intervention is justified under Rule 24(b). *See* Fed. R. Civ. P. 24. The City's rights in its own marks are indeed implicated by this case as its claims share questions of law and fact with the claims in the underlying action, and adding the City at this stage will not unduly prejudice the parties. Accordingly, the City's motion to intervene is granted. The City must file its Intervenor Complaint no later than January 21, 2022.

In light of the preliminary injunction in *City of New York v. Lopez*, 21-CV-7862, the City shall also file a letter by January 7, 2022 that clarifies: (1) whether the preliminary injunction encompasses Lopez's enforcement of the two marks at issue in this case; and (2) whether a stay is necessary pending the resolution of the City's case against Lopez. Lopez may file a response letter no later than January 28, 2022.

SO ORDERED.

Dated:   December 22, 2021
         New York, New York

_____
Ronnie Abrams
United States District Judge