UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT G. LOPEZ, *an individual*,

                Plaintiff,

           v.

COOKIES SF, LLC, COOKIES CREATIVE CONSULTING & PROMOTIONS, INC., NANA & POP CORP., DAFF INTERNATIONAL, LLC d/b/a Cannamerica, FLUIDS MANUFACTURING, INC. d/b/a Heavy Hitters, DEPARTMENT Z, INC. d/b/a 22 RED, EPD CONSULTING, LLC d/b/a Lift Tickets, and ADAKAI HOLDINGS, LLC d/b/a Huxton

                Defendants.

No. 21-CV-05002 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Robert Lopez, proceeding *pro se*, commenced this action alleging trademark infringement, unfair competition, and unjust enrichment. His claims arise from the alleged commercial use of certain NEW YORK CANNABIS and NYC NEW YORK CANNABIS marks (the "Cannabis Marks") through the sale of curated boxes of cannabis products and related merchandise packaged and delivered to subscribers. Now before the Court are a motion to dismiss filed by Defendant Fluids Manufacturing, Inc. ("Fluids"), and another filed by Defendants Cookies SF, LLC and Cookies Creative Consulting & Promotions, Inc. (the "Cookies Entities"). For the following reasons, the motions are granted.

## BACKGROUND

    The following facts are drawn from the Complaint and are assumed to be true for the

purposes of this motion. *See Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017).

Since 1997, Plaintiff Lopez, a citizen of New York, has sold headwear, t-shirts, hoodies, and other clothing items in New York City under the LOWER EAST SIDE or LES brand name. Compl. ¶ 14. In 2010, Plaintiff expanded his retail brand to include items for sale under the LOYALTY EQUALS STRENGTH moniker. *Id.* ¶¶ 15–16. In 2019, Plaintiff expanded his brand once again, this time introducing various items bearing a NEW YORK CANNABIS logo. *Id.* ¶¶ 19–20. He sold clothing and merchandise at his retail store in New York City until it was closed in March 2020 due to the COVID-19 pandemic. *Id.* ¶ 19. Subsequently, Plaintiff began offering online information and news regarding cannabis products and the cannabis industry, as well as product placement and other similar services using the Cannabis Marks. *Id.* ¶ 21. His retail store reopened in late 2020, and Plaintiff has since been building an intellectual property "portfolio" for his NYC NEW YORK CANNABIS brand. *Id.* ¶¶ 20, 25. Plaintiff claims in relevant part that he has "exclusive use" rights of the Cannabis Marks in commerce for the sale of apparel, smoking accessories, and other similar products and merchandise. *Id.* ¶ 26. He alleges that he has applied to federally register his Cannabis Marks with the U.S. Patent & Trademark Office. *Id.* ¶¶ 31–35.

Plaintiff is also a "frequent litigant" in this district, *Lopez v. Nike, Inc.*, No. 20-cv-905 (PGG) (JLC), 2021 WL 128574, at *16 n.14 (S.D.N.Y. Jan. 14, 2021), having filed numerous suits against various corporate entities for alleged trademark infringement and other related Lanham Act claims. *See, e.g., Lopez v. Adidas Am.*, No. 19-cv-7631 (LJL), 2020 WL 2539116 (S.D.N.Y. May 19, 2020) (granting motion to dismiss); *Lopez v. Bonanza.com*, No. 17-cv-8493 (LAP), 2019 WL 5199431 (S.D.N.Y. Sept. 30, 2019) (same); *Lopez v. BigCommerce, Inc.*, No. 16-cv-8970 (JPO), 2017 WL 3278932 (S.D.N.Y. Aug. 1, 2017) (same); *Lopez v. Gap, Inc.*, 883 F. Supp. 2d 400 (S.D.N.Y. 2012) (granting summary judgment). As such, as one judicial colleague recently

observed, "it is at least arguable whether he should continue to receive special solicitude from the Court notwithstanding his *pro se* status." *Nike*, 2021 WL 128574, at *16 n.14. Notably, Plaintiff was recently enjoined from commercially using the same trademarks (or confusingly similar variations) at the core of his allegations in this action. *See City of New York v. Lopez*, No. 21-cv-7862 (JPO), 2021 WL 6063839, at *5–6 (S.D.N.Y. Dec. 21, 2021).

Cookies SF, LLC is a limited liability company based in San Rafael, California; Cookies Creative Consulting & Promotions, Inc. is a California corporation based in San Francisco. Compl. ¶¶ 6–7. Together, the Cookies Entities sell cannabis and cannabis related products and clothing through various online and mail sources. *Id.* ¶ 40. Fluids Manufacturing, Inc. is a California corporation based in Pasadena which distributes cannabis products and sells related merchandise and apparel under the brand HEAVY HITTERS. *Id.* ¶¶ 10, 71. For the purposes of this opinion and order, and given their pending motions to dismiss, Fluids and the Cookies Entities are hereafter referred to collectively as "Defendants."[1]

Plaintiff alleges, upon information and belief, that Defendants engaged "in a partnership and in a collaboration" with Nana & Pop Corp. ("N&P") to offer cannabis related products for sale in a curated box delivered to subscribers' homes. *Id.* ¶¶ 49, 72. Although the Complaint does not assert that the products sold by Defendants infringe the Cannabis Marks, it alleges that the N&P curated box itself bears the Cannabis Marks or confusingly similar variations. *Id.*

## PROCEDURAL HISTORY

The Complaint was filed on June 7, 2021. On September 3, 2021, Fluids moved to dismiss,

---

[1] Although Plaintiff initially filed this action against eight named entities, at a conference held on October 18, 2021, he stated that he would not be pursuing claims against four defendants who had not been served: Daff International, LLC; Department Z, Inc.; EPD Consulting, LLC; and Adakai Holdings, LLC. The Court indicated at that conference that, if these defendants were not served by October 29, 2021, they would be dismissed without prejudice. Dkt. 38. In addition to Fluids and the Cookies Entities, the only remaining defendant, Nana & Pop Corp., has filed an answer to the Complaint.

attaching a formal notice under Local Rule 12.1 which was sent to Plaintiff, as a *pro se* litigant, stating that "THE CLAIMS YOU ASSERT AGAINST FLUIDS IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION ON TIME . . . ." On December 27, 2021, the Cookies Entities similarly moved to dismiss, certifying that another Local Rule 12.1 Notice was mailed to Plaintiff. Plaintiff did not file an opposition to either motion to dismiss.[2]

Defendants argue that the Complaint should be dismissed pursuant to both Rule 12(b)(2) for lack of personal jurisdiction, and Rule 12(b)(6) for failure to state a claim. "[A] district court must generally . . . establish that it has federal constitutional jurisdiction" before considering other grounds for dismissal. *All. for Env't. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 85 (2d Cir. 2006) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)). "[T]his principle applie[s] equally to personal jurisdiction." *Mones v. Com. Bank of Kuwait, S.A.K.*, 204 F. App'x 988, 989 (2d Cir. 2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)). The Court therefore must determine first whether it can exercise personal jurisdiction over Defendants.

## LEGAL STANDARD

"[I]t is the plaintiff's burden to establish that the court has personal jurisdiction over the defendants." *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 334 (2d Cir. 2016). This requires: (1) valid service of process; (2) a statutory basis for jurisdiction; and (3) that the exercise of jurisdiction complies with constitutional due process—that is, that each defendant had sufficient

---

[2] After Plaintiff also failed to appear at an initial pretrial conference, the Court issued an order on September 28, 2021, warning that although "pro se litigants are granted special leniency regarding procedural matters, they must nonetheless 'prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning.'" Dkt. 31 (quoting *Johnny Wood v. C.O. P. BYRD, et al.*, No. 16-cv-8142, 2021 WL 4311346, at *1 (S.D.N.Y. Sept. 21, 2021)).

minimum contacts in the forum to justify the exercise of jurisdiction, *see Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945), and that asserting personal jurisdiction comports with "traditional notions of fair play and substantial justice," *Chloé v. Queen Bee of Beverley Hills, LLC*, 616 F.3d 158, 164 (2d Cir. 2010). A plaintiff "must make a prima facie showing that jurisdiction exists." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013) (citing *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006)). "A prima facie case requires non-conclusory fact-specific allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place." *Chirag v. MT Marida Marguerite Schiffarhrts*, 604 F. App'x 16, 19 (2d Cir. 2015) (citing *Jazini v. Nissan Motor Co.*, 148 F.3d at 185 (2d Cir. 1998)).

## DISCUSSION

Because Defendants do not dispute proper service of process, this Court's jurisdictional inquiry turns first on whether a valid statutory basis exists for exercising jurisdiction. "A district court's personal jurisdiction is determined by the law of the state in which the court is located." *Spiegel v. Schulmann*, 604 F.3d 72, 76 (2d Cir. 2010). As relevant here, Sections 301 and 302(a) of the New York Civil Practice Law and Rules ("C.P.L.R.") set forth the controlling law.

### I. General Jurisdiction

Under Section 301 of the C.P.L.R., New York subjects foreign corporations to general jurisdiction if they are "doing business" in the state. *See* N.Y. C.P.L.R. § 301. Under that test, "a foreign corporation is amenable to suit in New York if it is 'engaged in such a continuous and systematic course of "doing business" here as to warrant a finding of its "presence" in this jurisdiction.'" *Aerotel Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 191–92 (S.D.N.Y. 2000) (quoting *Frummer v. Hilton Hotels Int'l Inc.*, 19 N.Y.2d 533, 536 (1967)). Courts thus focus on a traditional set of indicia to determine whether a foreign corporation is "essentially at home" in the forum

state, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011), such as whether it has an office or property in the state, *see Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 98 (2d Cir. 2000). "There is no talismanic significance to any one contact or set of contacts that a defendant may have with a forum state; courts should assess the defendant's contacts *as a whole*." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 570 (2d Cir. 1996).

## II. Specific Jurisdiction

In the absence of general direction, New York's Long-Arm Statute nevertheless authorizes the exercise of specific personal jurisdiction

> over any non-domiciliary . . . who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
> 2. commits a tortious act within the state . . . ; or
> 3. commits a tortious act without the state causing injury to person or property within the state, . . . if he
>     (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>     (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
> 4. owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302(a). Courts therefore "exercise 'personal jurisdiction over a non-domiciliary if two conditions are met: first, the non-domiciliary must transact business within the state; second, the claims against the non-domiciliary must arise out of that business activity.'" *Aquiline Cap. Partners LLC v. FinArch LLC*, 861 F. Supp. 2d 378, 386 (S.D.N.Y. 2012) (quoting *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986)).

## III. The Complaint

Defendants contend that this action should be dismissed for lack of personal jurisdiction because—as California entities that do not transact business in New York—they do not have

6

sufficient ties to New York either to be "essentially at home" for the exercise of general jurisdiction, or for the Long-Arm Statute to confer specific jurisdiction. Plaintiff did not file an opposition to the motions to dismiss. The Court thus looks to the pleadings to determine whether a prima facie showing exists warranting the exercise of jurisdiction. *See Licci*, 732 F.3d at 167. In so doing, the Court "will not draw 'argumentative inferences' in the plaintiff's favor." *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994). Nor is it required to accept legal conclusions couched as factual allegations. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012); *see also Chloé*, 616 F.3d at 164.

The Complaint alleges, in relevant part, that the Court has personal jurisdiction over Defendants because they "engage in continuous and significant business activities in, and directed to the State of New York within this judicial district and because Defendants have committed tortuous [sic] acts aimed at and causing harm within the State of New York and this judicial district." Compl. ¶ 3. Such a threadbare allegation does not set forth specific facts justifying the exercise of general jurisdiction. Rather, it is a recitation of a legal conclusion that the Court is not required to accept as true. *See Licci*, 673 F.3d at 59. Indeed, Plaintiff used a nearly identical formulation of this jurisdictional allegation in a prior suit; and there, too, the court granted Rule 12(b)(2) dismissal for lack of personal jurisdiction. *See Lopez v. Shopify, Inc.*, 16-cv-9761 (VEC) (AJP), 2017 WL 2229868, at *2 (S.D.N.Y. May 23, 2017), *adopted by*, 2018 WL 481891 (S.D.N.Y. Jan. 17, 2018). The Complaint itself acknowledges that Fluids and the Cookies Entities are California companies with their "principal place[s] of business" in California. Compl. ¶¶ 6, 7, 10. And nowhere does the Complaint later justify why Defendants should be treated as being "essentially at home" in New York for the exercise of general jurisdiction.

Instead, a generous reading of the Complaint might find Plaintiff to have a better argument

7

for establishing specific jurisdiction in his repeated allegation that Defendants,

> in a partnership and in a collaboration with Defendant N&P [are] marketing, promoting, advertising, selling and providing cannabis products for sale via the website www.thenewyorkcannabisclub.com, in a curated box that is delivered to subscribers [sic] home in a box printed bearing Plaintiff's NEW YORK CANNABIS and/or NYC NEW YORK CANNABIS marks or a confusingly similar variation of the same.

Compl. ¶¶ 49, 72. In other words, although not specifically articulated, Plaintiff's contention appears to be that, because the Complaint alleges that Defendants transact with a third-party, N&P—which *itself* may transact business in New York (something which is not alleged)—the Court should therefore choose to exercise personal jurisdiction against Defendants as well.

But this too proves unavailing. Courts exercise specific jurisdiction only in a case arising out of a *defendant's* contacts with the forum. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014). "[The] unilateral activity of another party or third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Id*. (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)). That is, any New York connection must arise from Defendants' actions, not the actions of third parties with whom they transact. *See id*. This requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Instead, specific jurisdiction exists where there is an allegation that a "defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Shopify*, 2017 WL 2229868, at *4 (quoting *Burger King*, 471 U.S. at 472). The Supreme Court has thus "upheld the assertion of jurisdiction over defendants who have purposefully 'reached out beyond' their State and into another by, for example, entering a contractual relationship that 'envisioned continuing and wide-

8

reaching contacts' in the forum State, or by circulating magazines to 'deliberately exploit' a market in the forum State." *Walden*, 571 U.S. at 285 (cleaned up). And it has found specific jurisdiction where there are allegations that a defendant created "'continuing obligations' between himself and residents of the forum," thus manifestly having "availed himself of the privilege of conducting business there." *Burger King*, 471 U.S. at 475–76.

None of those kinds of allegations appear in the Complaint. Plaintiff does not identify any facts supporting the proposition that Defendants have purposefully availed themselves of the privileges of conducting business within New York. Plaintiff's argument for specific jurisdiction—that Defendants worked with a third-party packaging entity, N&P—falls short. *See Walden*, 571 U.S. at 284. Although the Complaint alleges that N&P's principal place of business is in New York, supporting the exercise of general jurisdiction *over N&P*, this does not mean that any alleged transactions central to this infringement action establish jurisdiction over Defendants. In any event, while the Complaint alleges that N&P's website address includes the words "New York," it never alleges that N&P actually sells goods either in New York or to New York residents. "For specific jurisdiction to exist, 'there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Alwand Vahan Jewelry, Ltd. v. Lustour, Inc.*, 21-cv-1959 (PAE), 2021 WL 3604517, at *3 (S.D.N.Y. Aug. 13, 2021) (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021)).

Having failed to contest the motions to dismiss, Plaintiff leaves the Court with nothing to support the exercise of specific jurisdiction outside the four corners of the Complaint.[3] "[D]evoid

---

[3] Nor has Plaintiff made any request, in response to the motions to dismiss under Rule 12(b)(2), for jurisdictional discovery by demonstrating that "additional discoverable facts [exist] that could subject [D]efendants to long-arm jurisdiction." *College Essay Optimizer, LLC v. Edswell, Inc.*, No. 14-cv-8586 (LAK), 2015 WL 5729681, at *8 (S.D.N.Y. Sept. 30, 2015).

of particulars, these conclusory statements must be set aside." *Lustour*, 2021 WL 3604517, at *5. The allegations in the Complaint do not establish sufficient contacts by Defendants with New York for the exercise of personal jurisdiction under the Long-Arm Statute. Because New York's Long-Arm Statute does not confer personal jurisdiction here, the Court need not reach "the second step," which is "to analyze whether personal jurisdiction comports with the Due Process Clause of the United States Constitution." *Chloé*, 616 F.3d at 164.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are granted without prejudice. Plaintiff may amend the Complaint to the extent that he has a good faith basis to do so. The Clerk of Court is respectfully directed to terminate the motions pending at docket entries 19 and 56.

SO ORDERED.

Dated:   September 22, 2022
         New York, New York

Hon. Ronnie Abrams
United States District Judge