UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT G. LOPEZ, *an individual*,

                Plaintiff,

v.

COOKIES SF, LLC, COOKIES CREATIVE CONSULTING & PROMOTIONS, INC., NANA & POP CORP., DAFF INTERNATIONAL, LLC d/b/a Cannamerica, FLUIDS MANUFACTURING, INC. d/b/a Heavy Hitters, DEPARTMENT Z, INC. d/b/a 22 RED, EPD CONSULTING, LLC d/b/a Lift Tickets, and ADAKAI HOLDINGS, LLC d/b/a Huxton

                Defendants.

No. 21-CV-05002 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Robert Lopez, proceeding *pro se*, commenced this action alleging trademark infringement, unfair competition, and unjust enrichment. His claims arise from the alleged commercial use of certain NEW YORK CANNABIS and NYC NEW YORK CANNABIS marks (the "Cannabis Marks") through the sale of curated boxes of cannabis products and related merchandise packaged and delivered to subscribers. The City of New York filed a motion to intervene, which the Court granted under Rule 24(b). The City then timely filed an Intervenor Complaint, seeking declaratory judgment that Lopez has no exclusive right to use the Cannabis Marks in commerce. Now before the Court is Plaintiff/Intervenor Defendant Lopez's motion to dismiss the Intervenor Complaint. For the following reasons, the motion is denied.

## BACKGROUND

The following facts are drawn from the Intervenor Complaint and are assumed to be true for the purposes of this motion. *See U.S. ex rel. Forcier v. Comput. Sci. Corp.*, 12-cv-1750 (DAB), 2017 WL 3616665, at *1 (S.D.N.Y. Aug. 10, 2017).

The City owns several trademarks for the sale of branded clothing and other merchandise, which are used by City agencies, including the NYC Department of Parks and Recreation, the NYC Department of Sanitation, and the NYC Department of Transportation (the "City Marks"). Compl. ¶ 12. The City has federally registered the City Marks across several trademark classes covering souvenir merchandise and related products. *Id*. The City Marks are regularly used in commerce, and the City alleges that they have acquired distinctiveness and secondary meaning by reason of their long-standing use. *Id*. ¶ 16. The City also operates a merchandise licensing program, administered by its exclusive agent, NYC & Company, by which a variety of officially licensed merchandise is sold by third parties bearing the City Marks. *Id*. ¶ 17.

Lopez, a citizen of New York, sells headwear, t-shirts, hoodies, and other clothing items in New York City under a variety of brand names. *Id*. ¶¶ 19–28. He began offering various items for sale in his retail store bearing the Cannabis Marks in late 2020. *Id*. ¶ 20. In 2021, Lopez expanded his sale of merchandise bearing the Cannabis Marks via an online store. *Id*. ¶ 28. Although Lopez was issued New York state trademark registrations for several of the Cannabis Marks, *id*. ¶¶ 30–32, his applications for federal registration with the U.S. Patent & Trademark Office ("USPTO") remain pending, *id*. ¶¶ 33–36.

## PROCEDURAL HISTORY

Lopez commenced this action in June 2021, claiming infringement of his Cannabis Marks

2

by eight named defendants. *Id*. ¶ 29.[1] The City moved to intervene on September 28, 2021, arguing that Lopez was infringing the City Marks, which are exclusively owned by the City, through the sale of products bearing his Cannabis Marks. The City asserts that Lopez rejected a demand to cease and desist infringing the City Marks, and instead expanded his unlawful use of the Cannabis Marks. The City therefore argued that it had a substantial interest in this litigation, that its interests were not adequately represented by the existing parties to the action, and that its rights may be impaired by the Court's decisions in this action—thereby placing the City at a substantial risk of inconsistent determinations in this action and in another separate action filed by the City against Lopez. *See City of New York v. Lopez*, No. 21-cv-7862 (JPO).

In that case, the City has stated claims against Lopez for trademark infringement; false designation of origin; unfair competition in violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a); trademark dilution in violation of New York law, N.Y. Gen. Bus. Law. § 360-I; and trademark infringement and unfair competition in violation of New York common law. *See City of New York v. Lopez*, No. 21-cv-7862 (JPO), 2021 WL 6063839, at *1 (S.D.N.Y. Dec. 21, 2021). Judge Oetken has entered a preliminary injunction enjoining Lopez from continued commercial use of the Cannabis Marks or confusingly similar variations, reasoning that the City had made a showing of likely irreparable harm absent injunctive relief, and that issuance of the injunction would serve the public interest. *Id*. at *4–6.

In view the standard for permissive intervention, *see* Fed. R. Civ. P. 24(b), and the City's allegation that its ownership interests in the City Marks are implicated by this action, this Court

---

[1] Lopez's action was dismissed against Defendants Cookies SF, LLC; Cookies Creative Consulting & Promotions, Inc.; and Fluids Manufacturing, Inc. in an order issued by this Court on September 22, 2021. *See Lopez v. Cookies SF, LLC*, No. 21-cv-5002 (RA), 2022 WL 4385407, at *5 (S.D.N.Y. Sept. 22, 2022). In an order filed concurrently with this memorandum opinion, the Court has indicated that it will also dismiss the action against Defendants Daff International, LLC; Department Z, Inc.; EPD Consulting, LLC; and Adakai Holdings, LLC if no proof of service is entered on the docket by October 4, 2022. Defendant Nana & Pop Corp. has filed an Answer to Lopez's Complaint. *See* Dkt. 53.

granted the City's motion to intervene over Lopez's opposition on December 22, 2021. The City timely filed an Intervenor Complaint on January 6, 2022, and Lopez moved to dismiss on February 28, 2022.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a Rule 12(b)(6) motion, the question is "not whether [the plaintiff] will ultimately prevail," but "whether [the] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 526 U.S. 521, 529–30 (2011) (internal citation omitted). In answering this question, the Court must "accept[] all factual allegations as true, but giv[e] no effect to legal conclusions couched as factual allegations." *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017) (citation omitted).

## DISCUSSION

To state a claim for trademark infringement, "a plaintiff must show, first, that its mark merits protection, and second, that the defendant's use of a similar mark is likely to cause consumer confusion." *Brennan's, Inc. v. Brennan's Rest., LLC*, 360 F.3d 125, 129 (2d Cir. 2004); *see also* 15 U.S.C. § 1114(1)(a) (a holder of a protectable mark must show that the alleged infringement is "likely to cause confusion, or to cause mistake, or deceive"); *Manigault v. ABC Inc.*, No. 17-cv-7375 (KNF), 2018 WL 5818101, at *3 (S.D.N.Y. Oct. 10, 2018) (noting that the same standard applies to unfair competition claims). Key to the first required showing to state a claim for trademark infringement, "registration of a federal mark confers upon the owner of the mark a

presumption that the owner has the exclusive right to use the mark nationwide." *Patsy's Italian Rest., Inc. v. Banas*, 658 F.3d 254, 266 (2d Cir. 2011) (citing 15 U.S.C. § 1115(a)).  Key to the second, "counterfeit marks are inherently confusing."  *Lavazza Premium Coffees Corp. v. Prime Line Distribs., Inc.*, 575 F. Supp. 3d 445 (S.D.N.Y. 2021) (citing *Slep-Tone Ent. Corp. v. Golf 600 Inc.*, 193 F. Supp. 3d 292, 297 (S.D.N.Y. 2016) (collecting cases)).

The City's Intervenor Complaint plausibly alleges facts which, accepted as true at the Rule 12(b)(6) stage, state a claim for trademark infringement.  The Intervenor Complaint alleges that the City owns valid trademarks conferring a protectable interest, as evidenced by federal registrations with the USPTO in a variety of trademark classes covering souvenir merchandise.  Compl. ¶ 12; *see* U.S. Reg Nos. 3368124, 3858973, 3921788, 4661895, 3122929, 3386271, 3780909, 3221347, 3321348, 3065742, 3345202.[2]  Because a "certificate of registration with the [US]PTO is prima facie evidence that the mark is registered and valid (*i.e.*, protectable)," *Lane Cap. Mgmt., Inc. v. Lane Cap. Mgmt., Inc.*, 192 F.3d 337, 345 (2d Cir. 1999), the Court finds that the City has plausibly alleged a protectable interest in the City Marks.

As to the second element of an infringement claim, the Intervenor Complaint alleges that, among other things, the Cannabis Marks are "counterfeit marks within the meaning of the Lanham Act," and are "virtually identical to and substantially indistinguishable from the registered City Marks," as evidenced by side-by-side comparisons of the registered City Mark and Lopez's allegedly infringing Cannabis Marks.  Compl. ¶¶ 3, 37.  The Intervenor Complaint further alleges that the Cannabis Marks are being used by Lopez in commerce and are likely to cause confusion and, specifically, "initial interest confusion" as to the source, origin, and endorsement of the marks—leading consumers to believe that the City has endorsed the merchandise bearing marks

---

[2]  Courts may take judicial notice of USPTO records in considering trademark claims. *See, e.g., Streetwise Maps, Inc. v. VanDam, Inc.*, 159 F.3d 739, 744 (2d Cir. 1998).

which are confusingly similar to the City Marks. *Id.* ¶ 41. Accepting these pleadings as true, the "standard for consumer confusion is easily satisfied . . . 'because counterfeits, by their very nature, cause confusion.'" *Tangle, Inc. v. Individuals, Corps., LLCs, P'ships, and Unincorporated Ass'ns Identified on Schedula A Heretofore*, No. 21-cv-9352 (LGS) (RWL), 2022 WL 2442302, at *5 (S.D.N.Y. June 29, 2022) (citing *Coach, Inc. v. Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 433 (S.D.N.Y. 2012)), *adopted by* 2022 WL 3098306, *2 (S.D.N.Y. Aug. 4, 2022).[3]

Lopez's first argument in support of his motion to dismiss appears to be that the City cannot state a trademark infringement claim because it does not presently use the words NYC NEW YORK CANNABIS in the sale of cannabis-related goods and services. Not so. For one, the Lanham Act not only prohibits infringement by the use of exact copies of an owner's trademark, but also prohibits the use of a "counterfeit" or "colorable imitation" of a registered mark in such a way that "is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a); *see also id.* § 1125(a)(1)(A) (similar prohibition relating to unregistered marks). Here, as the Court has observed, the City has plausibly alleged that Lopez's Cannabis Marks are "counterfeit marks within the meaning of the Lanham Act," as they are "spurious designations that are virtually identical to and substantially indistinguishable from the registered City Marks." Compl. ¶ 37. Indeed, Judge Oetken unequivocally rejected this precise argument—that the City cannot state a claim against Lopez because it does not use the Cannabis Marks in the sale of cannabis-related merchandise—in the ongoing action brought by the City. With reference to the concept of "bridging the gap," or "the likelihood that the senior user will enter the junior user's market in the

---

[3] Actual consumer confusion need not be alleged to state a trademark infringement claim; rather, a plaintiff need only show a likelihood of confusion. *See Guthrie Healthcare Sys. v. ContextMedia, Inc.*, 826 F.3d 27, 45 (2d Cir. 2016) (citation omitted). The Intervenor Complaint here alleges that Lopez copied the City Marks, *see* Compl. ¶ 21, giving rise to a presumption of a likelihood of confusion, *see Mobil Oil Corp. v. Pegasus Petroleum Corp.*, 818 F.2d 254, 258 (2d Cir. 1987).

future, or that consumers will perceive the senior user as likely to do so," *Star Indus., Inc. v. Bacardi & Co. Ltd.*, 412 F.3d 373, 387 (2d Cir. 2005), he found that

> [A]lthough [the City] does not sell cannabis-related products, it is likely to bridge the gap in one way or another because of the legalization of recreational marijuana. Many City agencies . . . will likely become involved in regulating, enforcing, taxing, and providing information to consumers regarding recreational marijuana.

2021 WL 6063839, at *3. That reasoning applies with equal force as between the same parties litigating the same issue here.

In a last-ditch effort, Lopez argues that the Intervenor Complaint should alternatively be dismissed because the City does not have a protectable trademark interest in his use of the plain word versions of the Cannabis Marks, as distinguished from his use of stylized versions of the marks at issue in the separate pending action brought by the City. *See City of New York v. Lopez*, No. 21-cv-7862 (JPO). But this, too, flatly misreads the allegations in the Intervenor Complaint. Rather than cabining its allegations to stylized versions of the marks, the Intervenor Complaint seeks a judgment "declaring that Lopez has no exclusive right *to use the words* NYC NEW YORK CANNABIS, either singly or in combination, as a trademark or service mark for cannabis-related goods or services because such marks are merely descriptive and/or primarily geographically descriptive." Compl. ¶ 48 (emphasis added).

## CONCLUSION

For the foregoing reasons, Lopez's motion to dismiss is denied. No later than October 14, 2022, the parties shall submit letters proposing next steps in this action. The Clerk of Court is respectfully directed to terminate the motions pending at docket entry 67.

SO ORDERED.

Dated:   September 28, 2022
        New York, New York

                                          Hon. Ronnie Abrams
                                          United States District Judge